FILED

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA  14 OCT -1 PM 1: 32
FORT MYERS DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

ROBERT TAMBURRI,

Plaintiff,

-vs-  CASE NO.:

EVEREST ASSET MANAGEMENT, LLC,

2:14-cV-574-FtM-38CM

Defendant.

_____/

## COMPLAINT

Plaintiff, ROBERT TAMBURRI, by and through his undersigned counsel, sues the Defendant, EVEREST ASSET MANAGEMENT, LLC, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collections Practices Act, 15 U.S.C §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Chapter 559, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This is an action for damages as a result of Defendant's violations of the TCPA, FDCPA and FCCPA, and for attorney's fees and costs.

3. Subject matter jurisdiction for purposes of this action is appropriate and conferred by 28 U.S.C. §1331, Federal question jurisdiction, as this action involves the laws of the United States (the TCPA and FDCPA claims) and pendent or supplemental jurisdiction pursuant to 28 U.S.C.§1367 over Plaintiff's state law FCCPA claims.

4. Venue is proper in this District because the Plaintiff resides in this District (Charlotte County), the Defendant transacts business in this district, and the conduct of Defendant that gives rise to the violations alleged herein occurred in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Charlotte County, Florida.

6. Defendant is a debt collector, and a Florida Limited Liability company with an office for transacting business located in this District at 1007 North Federal Highway, #306, Fort Lauderdale, Florida.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account belonging to "Jacqueline Tavares" of whom Plaintiff has no knowledge (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number every day from February, 2012 through March, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, each call the Defendant made to Plaintiff's cellular telephone was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, a dialer using an artificial or prerecorded voice, and/or a dialer with the basic function of dialing a group of numbers en masse, without human intervention; and to dial such

numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") Defendant made autodialer calls as every voice message Defendant left was an automated or prerecorded message advising Defendant was seeking "Jacqueline Tavares," and given the sheer frequency of continuous calls.

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff, the "called party." See *Osorio v State Farm Bank, F.S.B.*, 745 F.3d 1242(11th Cir. 2014); accord, *Breslow v Wells Fargo Bank, N.A.*, 755 F.3d 1265(11th Cir.2014).

12. In approximately February, 2012, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (941) 623-3422, concerning a debt arising out of the subject account of Jacqueline Tavares of which Plaintiff had no knowledge.

13. Plaintiff has been the subscriber, regular user and carrier of the cellular telephone number, (641) 632-3422 since 2010, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: (786) 228-5570.

15. After receiving several of these autodialer calls in February 2012 from Defendant, Plaintiff answered a call and in February of 2012, spoke with a representative of Defendant and told him that he did not know any "Jacqueline Tavares," that Plaintiff personally did not owe them any money, and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list.

16. Despite informing Defendant that he was not the person Defendant was attempting to contact, to stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17. Plaintiff once again attempted to have the Defendant's autodialer calls to Plaintiff's cellular phone stopped by answering another call from Defendant and speaking with a representative of Defendant by August 31, 2012, and once again requested that the calls stop, he was not the person they were attempting to reach and to remove his number from their dialing system.

18. The autodialer calls from Defendant continued every day from February, 2012, until approximately March, 2014. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period. Upon information and belief, Defendant made at least 500 autodialer calls to Plaintiff's cellular telephone number, without Plaintiff's prior express consent, during the period of February, 2012 through March, 2014.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond February, 2012, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not know "Jacqueline Tavares," and to stop calling Plaintiff.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

22. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

23. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

24. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

25. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

26. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

27. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-six (26) above as if fully stated herein.

28. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant violated the TCPA with respect to each of its autodialer calls to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in February, 2012, that Defendant was calling the wrong number, that he did not know the subject debt, and to stop calling Plaintiff.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the Fair Debt Collection Practices Act "FDCPA")

31. Plaintiff re-alleges paragraphs one (1) through twenty-six (26) above as if fully stated herein:

32. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

(a) The Defendant violatd 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

(b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

(c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III

### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

33. Plaintiff re-alleges paragraphs one (1) through twenty-six (26) above as if fully stated herein:

34. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

36. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

37.  Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

38.  Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

39.  Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff