UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT TAMBURRI,

    Plaintiff,

v.                                          Case No:   2:14-cv-574-FtM-38CM

EVEREST ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Robert Tamburri's Motion for Default Final Judgment (Doc. #12) filed on February 9, 2015.  No Response in Opposition has been filed and the time to do so has expired.  Therefore, the Court will address the Motion without benefit of the Defendant's reply.

## FACTS

According to the Plaintiff's Complaint, the Defendant was making automated phone calls to his cell phone number in an attempt to collect the debt of an individual named Jacqueline Tavares.  Plaintiff asserts he does not know Tavares and that he informed the Defendant's Representatives on more than one occasion that he did not know her.  Plaintiff further informed the Defendant he did not personally owe any debt to the Defendant.  Plaintiff then requested to be removed from the Defendant's automated

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

caller system and for all calls to his cell number to stop. The Plaintiff alleges the Defendant continued to call him on his cellular telephone number and called him over 500 times between February 2012 and March 2014.

After the Defendant's calls to his cellular phone did not stop, the Plaintiff filed the instant Complaint on October 1, 2014. (Doc. #1). The Return of Service (Doc. #8) was filed with the Court on November 6, 2014, showing that the Complaint was effectively served on the Defendant's Corporate Representative, Perlman, Yevoli & Albright, PL on October 16, 2014. *See* Coniglio v. Bank of America, N.A., 2014 WL 5366248, *1 (M.D. Fla. October 21, 2014) (noting that "[a]ffidavits by process servers constitute a *prima facie* showing that defendants have been served."). The Defendant failed to answer or otherwise reply to the Complaint within the time set forth under Fed. R. Civ. P. 12(a) and on November 12, 2014, the Plaintiff moved for entry of Clerk's Default (Doc. #9) pursuant to Fed. R. Civ. P. 55(a). On December 1, 2014, the Court entered a Clerk's Default (Doc. #10) against the Defendant. To date, the Defendant has failed to file any pleading, motion or otherwise appeared in this action and Plaintiff now moves for a Default Judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55, sets forth the requirements for entry of a default judgment." Coniglio, 2014 WL 5366248, at *1 (citing U.S. v. Fleming*,* 114 A.F.T.R. 2d 2014–5377, 2014 WL 3643517, *9 (M.D. Fla. 2014)). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Coniglio, 2014 WL 5366248, at *1 (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*,* 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'defendant, by his default, admits the plaintiff's well-

pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.' " Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir.2009) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).[2] However, a plaintiff is not entitled to entry of a default judgment merely because a default has been entered against the defendant. Nishimatsu, 515 F.2d at 1206. Rather, a party must establish that the well-pleaded factual allegations in the Complaint are sufficient to establish each element of each cause of action alleged in the Complaint. Coniglio, 2014 WL 5366248, at *1.

Furthermore, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 2014 WL 3887509, *2 (M.D.Fla. 2014) (citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999)). "Rather, the Court determines the amount and character of damages to be awarded." Coniglio, 2014 WL 5366248, at *1; Isaula v. Chicago Rest. Group, LLC, 2014 WL 3477917, *1 (S.D.Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D. Fla.1999)). Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Coniglio, 2014 WL 5366248, at *1. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979) and citing SEC v. Smyth, 420 F.3d 1225, 1231–32 (11th Cir.2005)). "However,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Coniglio, 2014 WL 5366248, at *1 (citing Smyth, 420 F.3d at 1232 n. 13)).

To satisfy their burden, Plaintiffs must state the elements of each cause of action in a legal memorandum by citation to legal authority. Coniglio, 2014 WL 5366248, at *2. The Plaintiffs must then show with pinpoint citations to the Complaint the factual allegations that establish each element of each cause of action. Id.

### DISCUSSION

The Plaintiff alleges the Defendant chose to willfully and intentionally continue its use of harassing telephone calls despite actual knowledge of their wrong doing in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et. seq.; the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et. seq.; and the Florida Consumer Collection Practices Act (FCCPA). The Court must review the claims under each count to determine if the Plaintiff has met his burden.

*(1) Whether the Defendant Violated the Telephone Consumer Protection Act*

The provisions of the TCPA applicable to calls placed to cellular telephones provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A)(iii).[3]

In sum, "[t]he [TCPA] makes it unlawful to make any call using an automatic telephone dialing system (an "autodial system") to a cellular telephone without the prior express consent of the 'called party.'" Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266 (11th Cir. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii); 60 Communications Reg. (P & F) 934; Pub. L. No. 102–243, 105 Stat. 2394)). "The TCPA is essentially a strict liability statute' that 'does not require any intent for liability except when awarding treble damages.'" Coniglio, 2014 WL 5366248, at *2 (citing Lardner v. Diversified Consultants Inc., 2014 WL 1778960, *4 (S.D. Fla. 2014) (quoting Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.2011)).

The TCPA "further specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir.2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)).

So in order to prove a claim under the TCPA, the Plaintiff must establish (a) that the calls were made by an automated telephone dialing system (ATDS), (b) that the Plaintiff was the called party as defined by the TCPA, and (c) that the Defendant did not have the Plaintiffs permission to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii).

---

[3] The Eleventh Circuit recently clarified that the reference in § 227(b)(1)(A)(iii) to the called party being "charged for the call" does not apply to the calls placed to cellular telephones. Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242, 1258 (11th Cir. 2014). Accordingly to state a claim under the TCPA for calls placed to a cellular telephone, a plaintiff "is not required to prove that he was charged individually for each of the auto dialed calls. Id.

### (a) <u>Whether the Calls were Made on an Automatic Dialer System</u>

The Plaintiff alleges that the phone calls at issue in this case were made by an automated telephone dialing system as specified by the TCPA "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, a dialer using an artificial or prerecorded voice, and/or a dialer with the basic function of dialing a group of numbers en masse, without human intervention; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1). . . ." (Doc. #1, pp. 2-3). Thus, the Plaintiff has established that the phone calls were made by an ATDS.

### (b) <u>Whether the Plaintiff was the Called Party</u>

The Plaintiff was the called party for purposes of the TCPA. The Eleventh Circuit has explained that the called party for purposes of 47 U.S.C. § 227(b)(1)(A)(iii) means the subscriber to the cell phone service. Breslow, 755 F.3d at 1267. The Complaint alleges the Defendant made the calls to Plaintiff's cell number concerning Tavares' debt. (Doc. #1, ¶12). Plaintiff states that he has been the regular user and carrier of the cellular telephone number since 2010 and was the party called and recipient of the Defendant's auto dialer. (Doc. #1, ¶13). In support of his allegations, the Plaintiff attached an affidavit stating that he received auto dialer calls from the Defendant, Everest Asset Management, LLC up to two (2) times a day on his cellular telephone number. (Doc. #12-2, ¶ 2). Plaintiff continued that at all times he was the subscriber of the telephone number at issue, was the regular user and carrier of the cellular telephone. (Doc. #12-2, ¶ 5). Taking the allegations in the Complaint as true and the testimony provided by the Plaintiff in his affidavit, the Court concludes that the Plaintiff was the called party.

### *(c) Whether the Calls were Made Without the Plaintiff's Consent*

The Eleventh Circuit has expressly held that "prior express consent" under the TCPA may be revoked, and that called parties may revoke their consent orally. *See* [Osorio, 746 F.3d at 1255–56](). The Plaintiff's Complaint alleges that none of the calls at issue were placed by Defendant Everest Asset Management to the Plaintiff's respective cellular telephone numbers with the Plaintiff's prior express consent. ([Doc. #1](), ¶¶15, 30). Additionally, the Plaintiff testified in his affidavit that he spoke with a representative of Everest Asset in February of 2012 and again in May of 2012, and expressly told them he was not Tavares, that he did not know Tavares and to stop calling his number. ([Doc. #12-2](), ¶7). Consequently, the Plaintiff has established the calls were made without his consent.

Based upon the Plaintiff's Complaint and his affidavit testimony, the Plaintiff has established that the calls were made by an automated dialing system, he was the intended person called, and that said calls were made without his express consent. As such, the Plaintiff has established a claim under the TCPA.

### (d) *Damages*

The TCPA provides for a minimum recovery of $500.00 for each telephone call placed in violation of the TCPA. [47 U.S.C. § 227(b)(3)(B)](). Furthermore, the TCPA provides that where "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [47 U.S.C. § 227(b)(3)(C)](). Accordingly, each call placed by Defendant after the Plaintiff instructed that

Defendant to stop calling his telephone number would constitute a "willful" and/or "knowing" violation warranting the trebling of the award to $1,500 per call. Coniglio, 2014 WL 5366248, at *4.

The Complaint alleges that the Defendant willfully and knowingly violated the TCPA with respect to the Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and artificial or prerecorded voice without the Plaintiff's prior express consent or permission. (Doc. #1, ¶30). Furthermore, the Plaintiff provided a sworn affidavit in which he testified that "[d]espite informing Everest Asset numerous times to stop calling my cellular telephone number, Everest Asset continued to call on an almost daily basis, up to two (2) times a day for approximately a two (2) year time period, from February, 2012 to March, 2012." (Doc. #12-2, ¶8).  Thus, the Plaintiff established that the calls were knowing and willfully made because he informed them on more than one occasion to stop the calls.

The Plaintiff alleges the Defendant made more than 500 auto dialer calls to his cellular number without his express consent. (Doc. #1, ¶18); (Doc. #12-2, ¶ 6).  In his affidavit, the Plaintiff provides supporting testimony stating that he informed the Defendant to stop calling his cellular number but the calls persisted for nearly two (2) years. (Doc. #12-2, ¶¶ 6-7).

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Coniglio, 2014 WL 5366248, at *5.  "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. The damages provided under the TCPA are liquidated damages. Id.(citing Universal Underwriters Ins

Co. v. Lou Fusz Automotive Network, Inc.*,* 401 F.3d 876, 881 (8th Cir. 2005)). Thus, the Court may award damages without a hearing on damages. Id.

Based on the allegations in the Complaint and testimony in the Plaintiff's affidavit, the Court concludes that the evidence before the Court supports Plaintiff's allegation that each of Defendant's violations of the TCPA were willful and/or knowing, warranting treble damages of $1,500 for each such violation. 47 U.S.C. § 227(b)(3)(C). The Court further concludes that the evidence before the Court supports Plaintiff's allegation that Defendant placed 500 auto dialer calls to the Plaintiff's cellular telephone, for a total of 500 calls in violation of the TCPA. Consequently, Plaintiff shall have judgment against the Defendant in the amount of $750,000.00 with respect to his TCPA claim. See Coniglio, 2014 WL 5366248, at *5 (awarding treble damages in the amount of $1,050,000.00 for knowingly and willfully calling two celluar phone numbers using an auto dialer system without the express consent of the phones users).

### *(2) Whether the Defendant Violated the Fair Debt Collection Practices Act*

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. 15 U.S.C. § 1692(e); Owen v. I.C. Sys., Inc.*,* 629 F.3d 1263, 1270 (11th Cir.2011). The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision ... with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." 15 U.S.C. § 1692k(a). In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies

as a "debt collector" under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *See* Wise v. Coach*,* 2010 WL1257665, at *2 (S.D. Fla. Mar. 26, 2010).

The Plaintiff alleges that he is the holder of the cellular telephone number and that Defendant, a debt collector, placed numerous collection calls to Plaintiff regarding the collection of Tavares debt. (Doc. #1, ¶18); (Doc. #12-2, ¶ 6). The Complaint further alleges that Plaintiff did not owe a consumer debt and advised Defendant on at least two occasions that Defendant was contacting the wrong person. Plaintiff alleges that Defendant continued to call Plaintiff and utilized unfair and unconscionable means to collect on the alleged debt by calling Plaintiff repeatedly from February 2012 to March 2014. Based upon the information in the Plaintiff's Complaint, the Plaintiff has adequately stated a claim under the FDCPA.

Under 15 U.S.C. § 1692k(a)(2) statutory damages in the amount of $1,000.00 may be collected. Jacobs v. Alexander William & Associates, WL 1687699, *1 -2 (M.D. Fla. April 18, 2013). The Plaintiff does not seek the recovery of actual damages in this case for the FDCPA violations. Instead, the Plaintiff states he will take the $1,000.00 in statutory damages for the conduct deemed admitted by the Defendant in this case. Having determined that the Defendant's Complaint adequately states a claim under the FDCPA, the Court will award the Plaintiff statutory damages in the amount of $1,000.00.

*(3) Whether the Defendant Violated  the Florida Consumer Collection Practices Act*

The Plaintiff alleges the Defendant violated the FCCPA, Fla. Stat. § 559.72(7). The statute reads in pertinent part:

> In collecting a debt no person shall:

> Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

"A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'" Eagle Hosp. Physicians, 561 F.3d 1298, 1307 (11th Cir.2009). In his Compliant, the Plaintiff states the Defendant called his cellular telephone number 500 times trying to collect Tavares debt. Doc. #1, ¶18); (Doc. #12-2, ¶ 6). Plaintiff further states that the Defendant had knowledge that he did not owe the debt because he informed Defendant in February 2012 and again in May 2012 that he did not owe the debt and did not know the debtor Tavares. (Doc. #12-2, ¶7). The Plaintiff has sufficiently pled facts to establish that the Defendant knowingly and willingly harassed him and abused him by repeatedly calling his cellular telephone number after it had knowledge that Plaintiff was not the debtor. Thus, the Court concludes that the claims deemed admitted in the Plaintiff's Compliant support the allegations that the Defendant violated the FCCPA.

The Plaintiff does not seek the recovery of actual damages in this case for the FCCPA violations. Instead the Plaintiff states he will take the $1,000.00 in statutory damages for the conduct deemed admitted by the Defendant in this case. Any person who fails to comply with any of the provisions of § 559.72 is liable for actual damages and statutory damages as the court may allow in an amount not to exceed $1,000.00, together with court costs and reasonable attorney's fees incurred by the plaintiff. Coniglio, 2014 WL 5366248, at *6. As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." Id. Instances in which a hearing may not be necessary include those in which "the amount

claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, 605 F.2d at 857. Statutory damages under the FCCPA are considered "liquidated damages." Id. (quoting Harris v. Beneficial Finance Company of Jacksonville, 338 So.2d 196, 200 (Fla.1976) (the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of actual damages sustained in most instances will be extremely difficult, if not impossible, to achieve"). Having determined that the Defendant's Complaint adequately states a claim under the FCCPA, the Court will award the Plaintiff statutory damages in the amount of $1,000.00.

### (4) *Attorney's Fees and Costs*

The Plaintiff also moves the Court for attorney's fees and costs for bringing this action. The FDCPA and FCCPA allow for attorney fees and costs to be imposed for violating the respective statutes. Since the Court has determined that the Complaint contains sufficient allegations to establish violations of the FDCPA and the FCCPA, the Plaintiff is entitled to an award of his attorney's fees and costs. Plaintiff's Counsel shall submit in writing detailed billing and costs records to the Court for the Court's review.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Robert Tamburri's Motion for Default Final Judgment (Doc. #12) is **GRANTED**.

1. Default Judgment shall be entered against the Defendant Everest Asset Management, LLC in the amount of $752,000.00 for violation of the TCPA, FDCPA, and the FCCPA.

2. The Plaintiff shall be awarded his attorney's fees and costs for bringing this action pursuant to the FDCPA and the FCCPA.

3. The Plaintiff shall submit on or before **March 30, 2015**, a motion for attorney's fees and costs to the Court.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and close the file.

5. The Court will maintain jurisdiction over this case only for the purpose of awarding attorney fees and costs.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record