UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT TAMBURRI,

    Plaintiff,

v.                                            Case No: 2:14-cv-574-FtM-38CM

EVEREST ASSET
MANAGEMENT, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motion for Award of Attorney's and Paralegal Fees and Costs against Defendant ("Motion") (Doc. 15), filed on March 20, 2015, which was referred to the undersigned by the Honorable Sheri Polster Chappell for a Report and Recommendation. Plaintiff brought this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Chapter 559, *et seq.* ("FCCPA"). Doc. 1. Defendant has not appeared in this matter, and accordingly a default judgment was entered on March 13, 2015 in favor of Plaintiff and against Defendant for $752,000.00. Doc. 14. The Court determined that "Plaintiff shall be awarded his attorney's fees and costs for bringing this action pursuant to the FDCPA and FCCPA," and ordered Plaintiff

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

to submit a motion for attorney's fees and costs on or before March 30, 2015. Doc. 13 at 13. The Motion therefore is timely and ripe for review, and for the reasons that follow the undersigned recommends that the Motion be granted.

I.  Costs

The Motion states that from February 13, 2014 through March 15, 2015, Plaintiff either paid or became obligated to pay counsel a total of $617.60 in costs, of which $450.00 are taxable. Doc. 15 at 2, 7. Specifically, Plaintiff seeks to recover the $400.00 filing fee paid to the Clerk of Court and $50.00 paid to effectuate service of process on Defendant. *Id.* at 7.

Plaintiff, as the prevailing party in this matter,[2] may seek an award of costs pursuant to Rule 54, Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 4.18. *See Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, No. 8:09-cv-02301-T-30, 2014 WL 3396503, at *1 (M.D. Fla. July 11, 2014). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

---

[2] *See, e.g., McMillan v. Masrtech Grp., Inc.*, No. 8:13-cv-1520-MSS-35TGW, 2014 WL 4297905, at *6 (M.D. Fla. Aug. 28, 2014) ("The plaintiff is clearly the prevailing party in this case, as his Motion for Default Judgment has been granted as to all of his claims.") (order adopting report and recommendation) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001) (defining a prevailing party as one who has been awarded relief by the court)); *see also Jean-Louis v. Greenberg*, No. 08-81205-CIV, 2009 WL 3387484, at *2 (S.D. Fla. Oct. 19, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party.") (order adopting report and recommendation); *Hernandez v. Cantor Granite Desing, LLC*, No. 6:14-cv-182-Orl-22TBS, 2014 WL 5038596, at *4 (M.D. Fla. Sept. 30, 2014) (order adopting report and recommendation) (quoting *Jean-Louis*, 2009 WL 3387484, at *2).

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Filing fees, as fees of the Clerk, are taxable under 28 U.S.C. § 1920. *See Lookout Mountain*, 2014 WL 3396503, at *1 (finding the $350 fee for the Clerk taxable under section 1920); *Family Oriented Cmty. United Strong, Inc. v. Lookheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (taxing filing fees as fees of the Clerk); *Pacific Food Solutions, LLC v. G H Intern., Inc.*, No. 6:14-cv-327-Orl-41GJK, 2014 WL 3747345, at *4 (M.D. Fla. July 29, 2014) (finding a $400 filing fee reasonable and taxable). Private process server fees also are taxable costs. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. §§

1920(1) and 1921). The undersigned therefore recommends that $450.00 be taxed against Defendant.

   II.   Attorney's and Paralegal's Fees

Plaintiff requests fees in the amount of $1,670.00, representing attorney's fees for 1.70 attorney hours worked at an hourly rate of $300.00 per hour, and 11.6 paralegal hours worked at an hourly rate of $100.00 per hour. Doc. 15 at 7. Plaintiff contends that these hourly rates and the number of hours expended are reasonable.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The party requesting the fee should submit documentation in support of the request. *Id.* at 433. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id.*

Here, pursuant to Rule 54(d) and the default judgment, the undersigned finds that Plaintiff, as the prevailing party, is entitled to reasonable attorney's fees. Thus, the Court will consider whether the hourly rate and time expended in this matter are reasonable.

### a. *Reasonable Hourly Rate*

In support of his request, Plaintiff submitted an attorney affidavit, paralegal affidavit, time sheet and documentation stating the background and qualifications of the attorney that worked on this case. Doc. 15 at 9-17. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

Upon review of the time sheets, the Court finds that the attorney's hourly rates given his experience are in line with the prevailing rate in the Fort Myers, Florida market.[3] Attorney Michael J. Vitoria requests $300.00 per hour. Doc. 15 at 12. Mr. Vitoria has been practicing law for 17 years focusing in civil litigation. Doc. 15

---

[3] The attorney is located in the Tampa, Florida office of the Morgan & Morgan, P.A. law firm.

at 13. This Court previously has determined that $350.00 per hour is a reasonable rate in the Fort Myers, Florida market for an attorney of such experience. *See Kountze v. Kountze*, 2:12-cv-308-FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012). Thus, the undersigned finds that the fee requested here is reasonable.

Counsel also seeks $100.00 an hour for paralegal work and provided an affidavit of Ann Marie Floyd, the paralegal who worked on this case. Doc. 15 at 16-17. The affidavit states that Ms. Floyd has been employed as a paralegal at Morgan & Morgan, P.A. since December 2008. *Id.* at 16. A review of the time sheet reveals that Ms. Floyd often performed legal rather than clerical tasks, such as drafting motions for default and default judgment and the fees and costs motion. Doc. 15 at 9. Thus, the Court finds a rate of $100.00 per hour to be reasonable.

b. *Reasonable Number of Hours Worked*

Plaintiff has provided a time sheet showing that 1.7 attorney hours and 11.6 paralegal hours were expended to prosecute this action. Doc. 15 at 9. An attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel, *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301), and a court should deduct excessive, unnecessary and redundant hours and time spent on unsuccessful claims. *Id.* (citing *Norman*, 836 F.2d at 1301-02).

Upon review of the time sheets, the Court finds that they are sufficiently detailed for the Court to consider whether the time expended was reasonable. Although this case was resolved by default judgment following Defendant's failure to

appear or respond, the Court finds the total number of hours expended here – 13.30, most of which was generated by the paralegal – to be reasonable. Moreover, there are no entries for clerical as opposed to legal work that should be deleted as unreasonable for this case.

### III. Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiff's Motion for Award of Attorney's and Paralegal Fees and Costs against Defendant (Doc. 15) be **GRANTED** and Plaintiff be awarded $1,670.00 in attorney and paralegal fees and $450.00 in costs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable Sheri Polster Chappell
Counsel of record
Unrepresented party